IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AKHI RAHEEM MUHAMMAD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GREGORY T. WEIS, et al. | : | NO.  08-3616 |

## ORDER-MEMORANDUM

**AND NOW**, this 4th day of March, 2009, upon consideration of Defendant Warren E. Buffet's "Motion to Dismiss for Lack of Jurisdiction" (Docket No. 8), to which no response has been filed, **IT IS HEREBY ORDERED** that Defendant's Motion is **GRANTED** and that Plaintiff's claims against Buffet are **DISMISSED**.

Plaintiff brings claims under 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990, and the Rehabilitation Act of 1967, arising from the revocation of his Pennsylvania driver's license and automobile insurance, as well as subsequent hearings involving the revocation of his license and insurance.  Buffet contends that we lack personal jurisdiction over him because he has insufficient contacts with the Commonwealth of Pennsylvania to support such jurisdiction.  Although Plaintiff has not filed a response to Buffet's Motion, we nevertheless consider the Motion on its merits.  See Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991) (holding that a district court may not grant a Rule 12(b) motion as unopposed except under limited circumstances).

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants."  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002)).  If, as in this case, "the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff

is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Id. (citing Pinker, 292 F.3d at 368).   In his Amended Complaint, Plaintiff alleges that Buffet is both an employee of co-defendant Government Employees Insurance Company ("GEICO") and personally "licensed and authorized to conduct business within the Commonwealth of Pennsylvania."  (Am. Compl. ¶ 18.)  Plaintiff further alleges that, in 2007, GEICO cancelled his Pennsylvania car insurance policy without a proper hearing and, in so doing, violated rights afforded to him by the Americans with Disabilities Act and the Rehabilitation Act, as well as various provisions of the United States Constitution.  (Id. ¶¶ 25, 27, 59, 66, 68, 70.)  Plaintiff makes no other factual allegations regarding Buffet's or GEICO's contacts with the Commonwealth.

In his response, Buffet avers that he has been a resident of Nebraska for more than 50 years, that he owns no property within Pennsylvania, and that he has no agents or employees in Pennsylvania.  (Forrest N. Krutter Aff., Def.'s Ex. A, ¶¶ 2, 4, 8-9.)  He further avers that, although he is chairman and chief executive officer of Berkshire Hathaway Inc.—the indirect parent company of GEICO Corporation (which is the parent company of Defendant GEICO), on whose board he serves as a director—he does not engage in the day-to-day dealings of GEICO and, thus, had neither knowledge of nor involvement in Defendant GEICO's revocation of Plaintiff's insurance policy or any hearings related to the revocation.  (Id. ¶¶ 11-14.)  Based on the foregoing facts, we find that Buffet is not a resident of the Commonwealth of Pennsylvania.  See Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.24 (3d Cir. 2007) (citing Martinez v. Bynum, 461 U.S. 321, 338-39 (1983)).

The Federal Rules of Civil Procedure allow us to exercise personal jurisdiction over non-residents to the extent permitted by the laws of the state in which the district court sits.  See Farina

v. Nokia, 578 F. Supp. 2d 740, 749 (E.D. Pa. 2008) (citing Penzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998)); see also Fed. R. Civ. P. 4(k)(1)(A).  Under Pennsylvania's long arm statute, we may exercise jurisdiction over a nonresident "to the fullest extent allowed under the Constitution of the United States and . . . based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."  42 Pa. Cons. Stat. Ann. § 5322(b); see also O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007)).  As such, Plaintiff must establish that Buffet's contacts with the Commonwealth are sufficient to support either general or specific jurisdiction.  See Farina, 578 F. Supp. 2d at 749 (citing Penzoil, 149 F.3d at 200).

"General jurisdiction over a non-resident defendant is established where the defendant's contacts with the forum state are 'continuous and systematic.'" Id. at 750 (quoting Pinker, 292 F.3d at 368 n.1 (internal quotation omitted)).  "Plaintiff has a high 'threshold to meet[,] for the facts required to assert . . . general jurisdiction . . . must be extensive and persuasive.'" Id. (quoting Kuehnemund v. Agrium, Inc., Civ. A. No. 07-83, 2007 WL 3334974 (W.D. Pa. Nov. 8, 2007) (internal quotations omitted)).  Moreover, "'[e]ach defendant's contacts with the forum state must be assessed *individually*.'"  Nicholas v. Saul Stone & Co. LLC, 224 F.3d 179, 184 (3d Cir. 2000) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 (1984) (emphasis added)).  In this case, the mere fact that Buffet is allegedly licensed to conduct business in Pennsylvania does not alone establish that Buffet has continuous and systematic individual contacts with the Commonwealth.   Consequently, we cannot exercise general jurisdiction over Buffet on that basis. In addition, we cannot exercise general jurisdiction over Buffet simply because he is an alleged employee of a corporation that *may be* amenable to jurisdiction in this Court.  See Nicholas, 224

3

F.3d at 184.  Thus, even if we had general jurisdiction over GEICO, we could not exercise derivative, general jurisdiction over Buffet based solely on his relationship with the corporation.  See id.  Thus, Plaintiff has failed to satisfy his high burden of establishing general jurisdiction over Buffet.

"Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state."  Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & n.8 (1984)); see also 42 Pa. Cons. Stat. Ann. § 5322(a) (listing types of conduct giving rise to specific jurisdiction under Pennsylvania's long arm statute).  As with general jurisdiction, however, we cannot exercise specific jurisdiction over an employee simply because his employer purposely directs its conduct at the forum state.  See Nicholas, 224 F.3d at 184.  Moreover, the mere fact that a person is licensed to do business in the Commonwealth will not itself give rise to specific jurisdiction if the cause of action does not arise *from that fact*.  See 42 Pa. Cons. Stat. Ann. § 5322(a)(9) (establishing personal jurisdiction over someone who "[m]ak[es] application to any government unit for any certificate, license, permit, registration or similar instrument or authorization or exercising any such instrument or authorization"); id. § 5322(c) ("When jurisdiction over a person is based solely upon this section, only a cause of action or other matter *arising from acts enumerated in subsection (a)*, or from acts forming the basis of jurisdiction under subsection (b), may be asserted against him." (emphasis added)).

Despite Plaintiff's claims in his Amended Complaint that his rights were violated because Defendant GEICO revoked his insurance policy, he has not alleged that Buffet participated whatsoever in the company's conduct giving rise to his claims.  In addition, although Plaintiff alleges

that Buffet is licensed to do business in the Commonwealth, he has not alleged how his claims arise out of that fact.  While we must construe Plaintiff's pro se complaint liberally, see Carter v. Pa. Dep't of Corrs., Civ. A. No. 08-0279, 2008 WL 5250433, at *3 (E.D. Pa. Dec. 17, 2008) (citing Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997)), we cannot reasonably infer from Plaintiff's few factual allegations that his claims arise out of the fact that Buffet is licensed to do some unspecified type of business in the Commonwealth.  See Stevenson v. Carroll, 495 F.3d 62, 65 (3d Cir. 2007) (citing Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)).  Consequently, we find that, just as Plaintiff has not satisfied his high burden of establishing general jurisdiction over Buffet, he also has not satisfied his burden of establishing that we have specific jurisdiction over Buffet.  We therefore grant Defendant Buffet's Motion to Dismiss.[1]

BY THE COURT:


  /s John R. Padova        
John R. Padova, J.

---

[1]Because it appears that further amendment would be futile, we do not grant Plaintiff leave to file a second Amended Complaint to re-articulate his claims against Buffet.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir.2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).