IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AKHI RAHEEM MUHAMMAD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GREGORY T. WEIS, et al. | : | NO. 08-3616 |

### ORDER-MEMORANDUM

**AND NOW**, this 10th day of March, 2009, upon consideration of Plaintiff's Amended Complaint (Docket No. 4), **IT IS HEREBY ORDERED** that the Amended Complaint is **DISMISSED** without prejudice and with leave to amend within 30 days of the date of this Order, i.e., on or before Thursday, April 9, 2009.

Plaintiff Akhi Raheem Muhammad ("Plaintiff") filed his pro se Complaint against 111 defendants, all in their official capacities, along with a motion to proceed in forma pauperis. In an Order dated August 11, 2008, we had dismissed the Plaintiff's original Complaint with leave to amend because the Complaint "did not contain sufficient information," and we directed Plaintiff to "fully describe [in his Amended Complaint] how each of the individual defendants is involved in his claims." Plaintiff has subsequently filed an Amended Complaint, which suffers from many of the same inadequacies as the original, alleging that *all* defendants violated Title II of the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1967, and asserting claims pursuant to 42 U.S.C. § 1983 for violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and the First, Seventh, Ninth, and Tenth Amendments. All of Plaintiff's claims apparently arise out of the suspension of his driver's license and the revocation of his car insurance and subsequent hearings and events relating to such suspension and revocation. Plaintiff seeks both injunctive relief and monetary damages.

We dismiss the Amended Complaint without prejudice and with leave to amend for a variety of reasons. First, it appears that the Eastern District of Pennsylvania may not be the proper venue for many of Plaintiff's claims, based upon the allegations in the Amended Complaint. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss*, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (emphasis added)); see also Lafferty v. St. Riel, 495 F.3d 72, 77 (3d Cir. 2007) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962)). In cases such as this where our jurisdiction is not predicated on diversity of citizenship, venue is proper only in, inter alia, "(1) a judicial district where any defendant resides, if all defendants reside in the same State" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b).[1] Here, venue cannot be grounded on residency because at least one defendant, GEICO, is incorporated in Maryland[2] and is thus not a resident of Pennsylvania. See Am. Cyanamid Co. v. Hammond Lead Prods., Inc., 495 F.2d 1183, 1184 (3d Cir. 1974) (holding that a corporation is a resident only of the state in which it is incorporated (citing Suttle v. Reich Bros. Constr. Co., 333 U.S. 163, 166 (1948))). Likewise, the facts underlying Plaintiff's claims against many of the defendants involve acts or omissions occurring outside the Eastern District of Pennsylvania, i.e., in: (1) Allegheny County, Pennsylvania (see id. ¶¶ 16, 48, 49-

---

[1] There is a third basis for venue, which does not appear to apply to this case. See 28 U.S.C. § 1391(b)(3) (stating venue is proper in "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought").

[2] See Gov't Employees Ins. Co. v. Rando, Civ. A. No. 06-449, 2007 WL 896254, at *1 (D. Del. Mar. 22, 2007 ("Government Employees Insurance Company ('GEICO') is an insurance company incorporated in Maryland."); see also GEICO.com, "GEICO at a Glance," http://www.geico.com/about/corporate/at-a-glance/ (indicating that GEICO is headquartered in Chevy Chase, Maryland) (last accessed Mar. 6, 2009)

50); (2) the Borough of Millvale, Pennsylvania, which is located just outside Pittsburgh (see id. ¶¶ 45-47); and (3) Harrisburg, Pennsylvania, where the Pennsylvania Department of Transportation is located.[3] (See, e.g., id. ¶¶ 14, 39.)  Where venue is proper for certain defendants but not others, we may either transfer the entire case to another district that is proper for all defendants, or we may sever the claims and retain jurisdiction over the one set of defendants and transfer or dismiss the claims against the others.  See Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 296 (3d Cir. 1994).  We therefore could sever and dismiss those claims involving acts or omissions that occurred outside this judicial district, but we think it more prudent under the circumstances to permit Plaintiff leave to amend the entire Amended Complaint so that he may reassess the important venue questions that are raised by this case and determine which judicial district (or districts) provide the proper venue for his claims.

Dismissal of Plaintiff's Amended Complaint is also appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B).  On the face of the Amended Complaint, it is plain that Plaintiff has brought several claims upon which no relief may be granted.  For example, Plaintiff has brought claims under the ADA and the Rehabilitation Act, and pursuant to § 1983, seeking retrospective money damages from both state agencies and state officials in their official capacities.  However, such claims are barred by the Eleventh Amendment.  See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Koslow v. Commonwealth of Pa., 302 F.3d 161, 178-79 (3d Cir. 2002) (citing Carten v. Kent St. Univ., 282 F.3d 391, 396 (6th Cir. 2002)).

---

[3] Plaintiff alleges that Defendants Trevor Poremba, Arthur McNulty, Joel Ario, James Johnson, and Geraldine Moten (collectively referred to by Plaintiff as the "Pa. Insurance Defendants") conducted a hearing in Philadelphia at which they failed to reasonably accommodate his visual impairments and failed to notify him of a subsequent hearing date (see Am. Compl. ¶¶ 29-34), and so venue may be proper with respect to those defendants.

Furthermore, many of Plaintiff's claims violate Federal Rule of Civil Procedure 8(a), insofar as they consist of blanket allegations against entire groups of individual defendants, but do not describe how each individual actor within the group contributed to the alleged harm.[4] Cf. Hoffman v. Lincoln Gen. Ins., C. A. No. 08-1333, 2008 WL 5237258, at *1 (3d Cir. Dec. 17, 2008) (per curiam) (observing that a pro se § 1983 complaint brought in forma pauperis must still generally comply with Fed. R. Civ. P. 8(a) by including factual allegations that "'raise a right to relief above the speculative level.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, ---, 127 S. Ct. 1955, 1964-65 (2007))). Plaintiff has also brought constitutional claims against defendants who ostensibly are not government officials, without alleging how those private individuals acted under color of state law. See generally Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000) (noting that "[t]o make a prima facie case under § 1983, the plaintiff must demonstrate that a person acting under color of law deprived him of a federal right" (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995)).

For the foregoing reasons, we dismiss Plaintiff's Amended Complaint without prejudice and with leave to amend.

BY THE COURT:

/s John R. Padova
John R. Padova, J.

---

[4] Indeed, the one set of allegations that could give rise to venue in this judicial district, i.e., those supporting Plaintiff's claims against the "Pa. Insurance Defendants," see supra note 3, are nevertheless deficient under Rule 8(a) because they do not specify how each individual actor within the group of "Pa. Insurance Defendants" contributed to the harm complained of.