IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AKHI RAHEEM MUHAMMAD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GREGORY T. WEIS, et al. | : | NO.  08-3616 |

## MEMORANDUM

**Padova, J.**                                                                                                                                          **October 6, 2009**

      Plaintiff asks that we reconsider our August 17, 2009 Memorandum and Order dismissing all but two of his claims and transferring his remaining claims against all but one defendant to the United States District Court for the Western District of Pennsylvania (the "Western District"). Plaintiff also asks that we certify all of the issues raised in all of his filings for immediate interlocutory appeal.  Both Plaintiff's Motion for Reconsideration and Request for Leave to Bring an Interlocutory Appeal are denied.

      Pro se Plaintiff Akhi Raheem Muhammad brought this action against more than 200 defendants, alleging violations of his constitutional rights as well as his rights under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794(a).  On August 17, 2009, this Court dismissed the bulk of Plaintiff's claims; severed and retained jurisdiction over his ADA and RA claims against the Pennsylvania Department of Insurance; and transferred his ADA and RA claims against the Court of Common Pleas of Allegheny County, the Pennsylvania Commonwealth Court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court (collectively the "Pennsylvania Court Defendants") to the United States District Court for the Western District of Pennsylvania (the "Western District").  On September 16, 2009, Plaintiff filed a Motion for Reconsideration of our

August 17 Memorandum and Order and a Request for Leave to File an Interlocutory Appeal of that order.

I.    **THE MOTION FOR RECONSIDERATION**

As a preliminary matter, Plaintiff's motion is untimely. Motions for reconsideration must be filed within ten days after the entry of the order concerned. Local Civ. R. 7.1(g). The order Plaintiff wishes to vacate was entered on August 17, 2009. On September 3, 2009, Plaintiff sent a request by mail to the Court "requesting a Hearing with regards to [his] Motion to Vacate." Plaintiff did not file his motion until September 16, 2009. Both Plaintiff's September 3 letter requesting a hearing and his September 16 motion fall outside the ten-day limitation and are thus untimely.

Even if Plaintiff's motion were timely, however, it would fail on the merits. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted). A motion for reconsideration will only be granted if the moving party establishes: (1) the existence of newly available evidence; (2) an intervening change in the controlling law; or (3) a need to correct a clear error of law or prevent manifest injustice. Pub. Interest Research Group of N.J. v. Magnesium Elektron, 123 F.3d 111, 116-17 (3d Cir. 1997). "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of judicial resources." Moyer v. Italwork, Civ. A. No. 95-2264, 1997 WL 312178, at *3 (E.D. Pa. June 3, 1997) (internal quotation omitted). Plaintiff does not rely on the existence of newly available evidence or an intervening change in the controlling law. Consequently, we only consider whether our previous determination was a clear error of law or would create manifest injustice.

Plaintiff objects to our transfer of his ADA and RA claims against the Pennsylvania Court

Defendants based on the alleged unsuitability of the Western District as a venue for his claims. He also objects to the dismissal of certain claims brought against supervisory officials and agencies of the Commonwealth of Pennsylvania pursuant to Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658 (1978), on the ground that the Eleventh Amendment does not bar them. Finally, Plaintiff objects to the dismissal of his claims for malicious prosecution and unlawful seizure pursuant to 42 U.S.C. § 1983, and for negligent supervision, on the basis that those claims are not untimely.[1]

Plaintiff objects to our transferring his ADA and RA claims against the Pennsylvania Court Defendants on the following grounds: (1) the Western District is "totally racist and is totally 'redneck;'" (2) his mobility impairments make it difficult for him to travel to the Western District; (3) the Eastern District of Pennsylvania is closer to his temporary home in Washington, D.C.; and (4) he is entitled to have all legal proceedings held in this Court as a "reasonable accommodation" under the ADA and RA. (Mot. to Vacate ¶¶ 6-10.) None of these arguments set forth a proper basis for retaining jurisdiction over Plaintiff's ADA and RA claims against the Pennsylvania Court Defendants. In cases where jurisdiction is not predicated on diversity of citizenship, venue is proper only in, inter alia, "(1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b); see also D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 110 (3d Cir. 2009) (explaining that a district court may sever and transfer claims against some defendants while retaining jurisdiction over other claims against

---

[1] Plaintiff also raises a large number of generalized objections to our order that reiterate arguments he raised in previous filings. As he has not identified any clear error of law or risk of manifest injustice in these objections, and because we have already rejected those arguments, we do not consider them here.

other defendants). None of the Defendants remaining in this action are located in this District, and none of the acts or omissions giving rise to Plaintiff's claims against the Pennsylvania Court Defendants occurred in this District. Moreover, Plaintiff has failed to provide any support for his contention that the Western District is unable to adjudicate his claims fairly and without bias. Plaintiff's Motion for Reconsideration is therefore denied as to our transfer of venue.

Plaintiff also objects to our dismissal of his Monell claims against the "Supervisory Defendants," a group of 100-plus employees of municipal and state agencies. The Second Amended Complaint asserted two Monell claims against the Supervisory Defendants, alleging that the Supervisory Defendants (1) knew that their employees "conducted manipulative borough, county, and state procedures that blatantly violated established state and federal constitutional standards," but approved such conduct anyway (2d Am. Compl. ¶¶ 307, 309) (emphasis omitted); and (2) "established a custom or practice of targeting [Plaintiff] and members of [his] protective classes for harsh or disproportionate treatment" by failing to correct their subordinates' unconstitutional conduct and assigning their subordinates "to key positions" notwithstanding the "likelihood[] that their decisions would result in the violations of [Plaintiff's] constitutional rights." (Id. ¶¶ 314, 316.) We dismissed those claims for failure to comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff asks us to reconsider that decision because he has not requested money damages from any state agencies or officials and because the Eleventh Amendment does not bar claims for prospective injunctive relief against state officials acting in official capacities, Ex Parte Young, 209 U.S. 123 (1908). Plaintiff has clearly misunderstood the basis of our decision to dismiss these claims. We did not dismiss these claims because they were

barred by the Eleventh Amendment, but because the Second Amended Complaint failed to comply with Rule 8(a)(2). <u>Muhammad v Weis</u>, Civ. A. No. 08-3616, 2009 WL 2525454, at *10-11 (E.D. Pa. Aug. 17, 2009). Plaintiff's Motion for Reconsideration is therefore denied as to his claims against the Supervisory Defendants.

Finally, Plaintiff asks that we reconsider our dismissal of his claims against the Millvale Pennsylvania Defendants, the PennDOT Defendants, and the Common Pleas Defendants for malicious prosecution and unlawful seizure pursuant to 42 U.S.C. § 1983, and for negligent supervision.[2] The Second Amended Complaint alleged that an April 2005 traffic stop and issuance of two traffic citations constituted malicious prosecution and unlawful seizure, and that the "Supervisory Defendants" within the Millvale Police Department and Allegheny County Sheriff's Office breached their "duty to use due care in hiring, training, supervision, discipline, and retention" of their personnel. (2d Am. Compl. ¶¶ 352-55.) We dismissed these claims because the two-year statute of limitations has run. Plaintiff argues that these claims are not time-barred because these Defendants discriminated against him in a recurring and permanent manner. It is true that under the continuing violations doctrine, a plaintiff can pursue a claim for conduct that began prior to the filing period "if he can demonstrate that the act is part of an ongoing practice or pattern of [unlawful conduct] of the defendant." <u>West v. Philadelphia Elec. Co.</u>, 45 F.3d 744, 754 (3d Cir. 1995); <u>see also</u> <u>Scherer v. Pa. Dep't of Corrections</u>, Civ. A. No. 3:2004-191, 2007 WL 4111412, at *3 (W.D. Pa. Nov. 16, 2007) (noting application of the continuing violations doctrine beyond the context of

---

[2]The Millvale Pennsylvania Defendants include Michael Vith, Dean Girty, James Burns, the Borough of Millvale, and the Millvale Police Department. The PennDOT Defendants include Harold Cramer, Beverly Points, Timothy Wile, William Kuhar, Andrew Rapach, Allen Biehler, Janet Dolan, and Rebecca Bickley. It is unclear which particular Defendants the Common Pleas Defendants include.

Title VII employment discrimination). However, the continuing impact of a past violation of Plaintiff's rights is not a continuing violation. Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982) (per curiam) (stating that a "continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation") (quoting Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981)). Since Plaintiff has not identified any unlawful act committed by these Defendants within the applicable limitations period,[3] his claims for malicious prosecution, unlawful seizure, and negligent supervision were properly dismissed. Plaintiff's Motion for Reconsideration is therefore denied as to these claims.

For the reasons set forth above, Plaintiff's arguments are without merit. Plaintiff's Motion for Reconsideration is, accordingly, denied.

## II.   THE REQUEST FOR LEAVE TO BRING AN INTERLOCUTORY APPEAL

Plaintiff also asks that we certify all of the issues raised in all of his filings for immediate interlocutory appeal. Under 28 U.S.C. § 1292(b), an otherwise non-appealable order may be certified for immediate interlocutory appeal where: (1) the decision involves a "controlling question of law;" (2) "there is 'substantial ground for difference of opinion' with respect to that question; and (3) immediate appeal 'may materially advance the ultimate termination of the litigation.'" Zenith Radio Corp. v. Matsushita Elec. Indus. Co. Ltd., 478 F. Supp. 889, 943 (E.D. Pa. 1979), order vacated on other grounds, 631 F.2d 1069 (3d Cir. 1980) (quoting 28 U.S.C. § 1292(b)). The decision to certify an order for appeal under § 1292(b) lies within the sound discretion of the trial court. Fox v. Horn, Civ. A. No. 98-5279, 2000 WL 288388, at *1 (E.D. Pa. Mar. 13, 2000) (citation omitted).

---

[3]Plaintiff states in his Motion for Reconsideration that "the last recurring act of the aforementioned defendants had occurred on or about September 30, 2006." (Mot. to Vacate ¶ 24.)

"[C]ertification is only appropriate in 'exceptional' cases." Alexander v. Wash. Mut., Inc., Civ. A. No. 07-4426, 2008 WL 3285845, at *2 (E.D. Pa. Aug. 4, 2008) (citing Piazza v. Major League Baseball, 836 F. Supp. 269, 270 (E.D. Pa.1993)).  In exercising our discretion, we must be mindful of the strong policy against piecemeal appeals.  Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 321 (E.D. Pa. 1994) (citing Piazza, 836 F. Supp. at 270).  Moreover, in evaluating these factors, "the court must remember that . . . [a] motion should not be granted merely because a party disagrees with the ruling of the district judge." Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 282 (E.D. Pa. 1983); see also United States v. Grand Trunk Western R.R. Co., 95 F.R.D. 463, 471 (W.D. Mich. 1981) (denying certification because the moving party "merely questions the correctness" of the court's ruling).  Rather, the party seeking certification has the burden of "establishing that exceptional circumstances warrant departure from the general policy against piecemeal litigation and in favor of postponing appellate review until after the entry of final judgment." Weaver v. Mobile Diagnostech, Inc., Civ. A. No. 02-1719, 2007 WL 2463411, at *2 (W.D. Pa. Aug. 28, 2007) (citation omitted).

Plaintiff asserts no grounds on which we could certify the issues raised in his filings for appeal.  Consequently, we find that Plaintiff has not satisfied its burden of establishing the existence of exceptional circumstances in this case.  Plaintiff apparently disagrees with our August 17 ruling, but has not shown that there is substantial ground for differences of opinion with respect to any issue.  Moreover, we find that an immediate appeal, and any attendant delay of the trial pending the conclusion of such an appeal, would unduly delay the ultimate termination of this litigation.  Defendant's request for certification of immediate appeal is, accordingly, denied.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Reconsideration and for Appellate Certification pursuant to 28 U.S.C. § 1292(b) are denied. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.